UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IBEW-NECA RETIREMENT PLAN, et al., ) ) ) Plaintiff, ) ) v. ) ) STRICKLAND AND SONS ELECTRIC, ) LLC, et al., ) ) ) Defendants. ) | Case No. 4:12CV2106 SNLJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion to quash subpoena (ECF #33) filed by non-party Director of the Missouri Division of Employment Security, Ken Jacob. The Plaintiff Funds have responded to the motion and the matter is now ripe for disposition.

This is an action to collect unpaid employee benefit contributions under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA of 1947, as amended, 29 U.S.C. § 185. This Court entered partial default judgment in favor of the Plaintiff Funds against defendants Strickland and Sons Electric, LLC and Strickland and Sons Electric, LLC d/b/a Mr. Rewire on March 12, 2013 and against defendant Mr. Rewire, LLC on November 21, 2013. Further, this Court ordered defendants to produce copies of documents, including quarterly unemployment records, covering the months of October 2010 so that the Plaintiff Funds could determine the amount of contributions that

defendants owe. To date, the defendants have not complied with the Court's March 12, 2013 and November 21, 2013 Orders.

On December 4, 2013, the Plaintiff Funds issued a subpoena to Ken Jacob, Missouri Department of Labor and Industrial Relations, Division of Employment Security seeking all records from October 2010 to the present relating to Strickland and Sons Electric, LLC and Mr. Rewire, LLC. The Division of Employment Security (DES) moved to quash the subpoena on the grounds that the records sought are privileged under state law, section 288.250 RSMo, and federal law, 20 C.F.R. § 603. Federal Rule of Civil Procedure 45 directs that, on timely motion, an issuing court must quash or modify a subpoena that, *inter alia,* "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed.R.Civ.P. 45(c)(3)(A)(iii).

DES has the responsibility for the administration of the Missouri Employment Security Law, including record keeping. DES argues that it is authorized to release records containing confidential information only in very limited circumstances; namely, to individuals and employing units for the purposes of preparation of appealing denial/granting of benefits and to public officials in performance of their public duties. DES contends that the limited use of the records was mandated by the Missouri General Assembly in section 288.250 RSMo, which provides:

> Information obtained from any employing unit or individual pursuant to the administration of this law, shall be held confidential and shall not be published or be open to public inspection (other than to public employees in the performance of their public duties, including, but not limited to, the division of child support enforcement, other child support agencies of the federal government or other states as provided for under chapter 454, RSMo, or federal statues) in any manner revealing the individual's or employing unit's identity, but any claimant or

2

> employing unit or their authorized representative shall be supplied with information from the division's records to the extent necessary for the proper preparation and presentation of any claim for unemployment compensation benefits or protest of employer liability. Further, upon receipt of a written request from a claimant or his or her authorized representative, the division shall supply information previously submitted to the division by the claimant, the claimant's wage history and the claimant's benefit payment history. In addition, upon receipt of a written request from an authorized representative of an employing unit, the division will supply information concerning the payment of benefits from the employer's account and the unemployment compensation fund, including amounts paid to specific claimants. A state or federal official or agency may receive disclosures to the extent required by federal law. In the division's discretion, any other party may receive disclosures to the extent authorized by state and federal law. Any information obtained by the division in the administration of this law shall be privileged and no individual or type of organization shall be held liable for slander or libel on account of any such information.

DES argues that there is nothing on the face of the subpoena indicating that the request falls into any of the classes entitled to production of the records sought.

The Plaintiff Funds contend that state privilege laws do not apply in federal court lawsuits asserting claims under federal law including actions, such as here, for unpaid employee benefit contributions under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA of 1947, as amended, 29 U.S.C. § 185. The Plaintiff Funds are correct in that "[s]tate privileges are honored in federal litigation only when state law supplies the rule of decision." *Schembre v. AGR Const. Co.*, 4:06CV943 CEJ, 2007 WL 3268443, at *2 (E.D. Mo. Nov. 2, 2007). When federal law governs, privileges recognized by federal law are controlling. *See Freed v. Grand Court Lifestyles*, 100 F.Supp.2d 610 (S.D. Ohio 1998) (holding that evidentiary and discovery privileges in cases filed in a federal court and based on federal law are governed not by state law but by Fed. R. Evid. 501).

Here, this Court is not faced with an action in diversity but one in which there is original jurisdiction. Accordingly, federal law governs whether the records sought in the subpoena are privileged and whether federal law provides for the disclosure of the documents under any exceptions or other circumstances. On this issue, DES cites 20 C.F.R. § 603.7, which provides:

> (a) In general. Except as provided in paragraph (b) of this section, when a subpoena or other compulsory process is served upon a State UC agency or the State, any official or employee thereof, or any recipient of confidential UC information, which requires the production of confidential UC information or appearance for testimony upon any matter concerning such information, the State or State UC agency or recipient must file and diligently pursue a motion to quash the subpoena or other compulsory process if other means of avoiding the disclosure of confidential UC information are not successful or if the court has not already ruled on the disclosure. Only if such motion is denied by the Court or other forum may the requested confidential UC information be disclosed, and only upon such terms as the court or forum may order, such as that the recipient protect the disclosed information and pay the State's or State UC agency's costs of disclosure.
>
> (b) Exceptions. The requirement of paragraph (a) of this section to move to quash subpoenas shall not be applicable, so that disclosure is permissible, where-
>
> (1) Court Decision--a subpoena or other compulsory legal process has been served and a court has previously issued a binding precedential decision that requires disclosures of this type, or a well-established pattern of prior court decisions have required disclosures of this type, or
>
> (2) Official with Subpoena Authority--Confidential UC information has been subpoenaed, by a local, State or Federal governmental official, other than a clerk of court on behalf of a litigant, with authority to obtain such information by subpoena under State or Federal law. The State or State UC agency may choose to disclose such confidential UC information to these officials without the actual issuance of a subpoena.

DES argues that there is nothing on the face of the subpoena indicating that the request falls within the exception contained in the federal law.

4

The Plaintiff Funds argues that the records sought would allow them to determine the amount of damages due from the defendants while avoiding the additional costs associated with seeking to hold defendants in contempt for their failure to comply with the Court's March 12, 2013 and November 21, 2013 Orders. Further, they allege that the DES records sought relate to employees of the defendants who are participants in the Plaintiff Funds and on whose behalf the Plaintiff Funds brought this action. The Plaintiff Funds argue that there is well-established pattern of prior court decisions requiring the disclosure of records filed with state unemployment compensation agencies.

In this case, this Court has entered default judgment against defendants Strickland and Sons Electric, LLC, Strickland and Sons Electric, LLC d/b/a Mr. Rewire, and Defendant Mr. Rewire, LLC. Further, this Court ordered that the Plaintiff Funds are entitled to an audit and accounting so that they may determine the amount of contributions that defendants owe. In that regard, the defendants were ordered to produce copies of documents covering the months of October 2010 through the present including: all monthly remittance reports; all certified payroll records; any employee sign-in or hours sheets; any proof of payment of wages or salary to employees; any employee payment request, invoices and records of work completed by employees; federal form 941s and form W2s; federal form 1096s and 1099s; quarterly unemployment records; earning records for all employees; payroll journals, general and payroll disbursement records/bank statements/canceled checks; employee time cards and records of work performed; union reports for all unions reported to in order to verify job descriptions for union employees; contracts, work orders, reports and bills for jobs and work, and

5

payments for all jobs and work; and any other documents showing the hours worked by or wages paid to bargaining unit employees.  Defendants have failed to produce the documents as ordered. As a result, the Plaintiff Funds is seeking information for the audit and accounting from DES.

Under 20 C.F.R. § 603.7, the documents may be disclosed pursuant to court order. *See Gray v. Savage Services Corp.*, 2:12CV225 NT, 2013 WL 1787999 (D. Maine April 26, 2013) (denying Maine Department of Labor motion to quash a subpoena seeking unemployment records of plaintiff and holding that both state and federal law, 20 C.F.R. § 603.7(a), permit disclosure pursuant to a court order).  This Court finds that disclosure of the documents sought from DES for the purpose of the audit and accounting in this action is authorized by law.  As a result, this Court will deny the motion to quash and order DES to produce the records sought pursuant to the subpoena.  Further, the Court will order the Plaintiff Funds to designate and treat the information disclosed pursuant to the subpoena as confidential and to reimburse DES for its costs of copying the subpoenaed documents.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to quash subpoena (ECF # 33) filed by non-party Director of the Missouri Division of Employment Security, Ken Jacob is **DENIED**.

**IT IS FURTHER ORDERED** that the Director of the Missouri Division of Employment Security, Ken Jacob, shall produce the records sought pursuant to the

December 4, 2013 subpoena to the Plaintiff Funds as directed in the subpoena within 21 days of this Order.

**IT IS FINALLY ORDERED** that the Plaintiff Funds shall designate and treat the information disclosed pursuant to the subpoena as confidential and the use of the documents shall be limited to this action. Further, the Plaintiff Funds shall reimburse the Division of Employment Security for its costs of copying the subpoenaed documents.

Dated this 13th day of March, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE